ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI (DJ 2025-063B)

| JAVIER J. ACEVEDO RODRÍGUEZ, Recurrente, v. DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN, Recurrida. | TA2026RA00226 | REVISIÓN procedente del Departamento de Corrección y Rehabilitación. Caso núm.: DA-112-26. Sobre: revisión administrativa. |
|---|---|---|

Panel integrado por su presidenta, la jueza Romero García, el juez Monge Gómez y la jueza Prats Palerm.

Romero García, jueza ponente.

SENTENCIA

En San Juan, Puerto Rico, a 22 de mayo de 2026.

La parte recurrente, señor Javier J. Acevedo Rodríguez (señor Acevedo Rodríguez), presentó su recurso de revisión por derecho propio el 4 de mayo de 2026. Examinado el recurso, este Tribunal le concedió un término de **3 días**, computado a partir de la notificación de la *Resolución* dictada el 5 de mayo de 2026[1], para que presentase todos los documentos pertinentes a este recurso[2]; ello, so pena de su desestimación.

Inclusive, apercibimos al recurrente de que, de confrontar inconvenientes con la reproducción de los documentos, debía mostrar copia de la *Resolución* a las autoridades pertinentes para que se le autorizara obtener las copias necesarias.

Si bien el término concedido al señor Acevedo Rodríguez venció el 12 de mayo de 2026[3], en ánimo de darle oportunidad de hacer las gestiones necesarias en la institución correccional en la que ubica, esperamos 10 días adicionales para disponer de este asunto.

---

[1] Secretaría notificó copia de la *Resolución* al recurrente en esa misma fecha, por correo ordinario y a la dirección que él consignase en su recurso. Tal notificación no ha venido devuelta, por lo que se presume recibida.

[2] El señor Acevedo Rodríguez no adjuntó a su recurso documento alguno, ni siquiera la supuesta respuesta de la agencia a su solicitud de remedio.

[3] *Véase*, Reglas 68.1 y 68.3 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V.

A esta fecha, el señor Acevedo Rodríguez no ha comparecido y tampoco ha solicitado prórroga alguna.

A la luz de ello, y cual le fuese apercibido, nos vemos forzados a **desestimar** el recurso por el craso incumplimiento del recurrente con la ley y el reglamento aplicables.

I

A

La doctrina prevaleciente dispone que las normas que rigen el perfeccionamiento de **todos** los recursos apelativos deben observarse rigurosamente. *Soto Pino v. Uno Radio Group,* 189 DPR 84, 90 (2013). Ello, ante la necesidad de colocar a los tribunales apelativos "en posición de decidir correctamente los casos, contando con un expediente completo y claro de la controversia que tiene ante sí". *Íd.*

Destacamos que el Tribunal Supremo de Puerto Rico ha sido enfático al expresar que, de no observarse las disposiciones reglamentarias al respecto, nuestro ordenamiento autoriza la desestimación del recurso. *Pueblo v. Rivera Toro*, 173 DPR 137, 145 (2008). Sin embargo, ante la severidad de esta sanción, el Tribunal Supremo exige que nos aseguremos de que el incumplimiento con las disposiciones reglamentarias aplicables haya provocado un impedimento real y meritorio para que podamos considerar el caso en los méritos. *Román et als. v. Román et als.*, 158 DPR 163, 167 (2002). A modo de ejemplo, "[u]n recurso que carece de un apéndice, con los documentos necesarios *para poner al tribunal en posición de resolver*, **impide** su consideración en los méritos". *Íd.* (Énfasis nuestro; bastardillas en el original).

Reconocemos que la Ley de la Judicatura de 2003 tuvo como uno de sus propósitos hacer más accesible la justicia apelativa a la ciudadanía, flexibilizando los procesos apelativos. **Sin embargo, ello no supuso dar al traste con los requisitos mínimos exigidos para atender**

**ordenadamente los recursos que se presentan ante este foro apelativo intermedio**. *Morán v. Martí*, 165 DPR 356, 368 (2005).

Debemos tener presente, además, que la verificación de todos los requisitos de forma y de contenido previstos para las diversas gestiones apelativas, no solo resulta en beneficio del foro intermedio, sino también de la parte contra la cual las mismas se prosiguen. *Soto Pino v. Uno Radio Group*, 189 DPR, a la pág. 90.

Por último, debemos apuntar que el hecho de que las partes litigantes comparezcan por derecho propio, por sí solo, **no** justifica que ellas incumplan con las reglas procesales. *Febles v. Romar,* 159 DPR 714, 722 (2003).

B

Entre los requisitos a satisfacer en los recursos de revisión judicial de determinaciones finales y firmes administrativas, la Regla 59 de nuestro Reglamento exige la inclusión de: la cubierta; el epígrafe; la información de los abogados y las partes; la información del caso; un índice; señalamientos de error y su discusión; así como un apéndice, entre otros requisitos. *In re aprobación de Enmdas. al Reglamento del TA*, 2025 TSPR 141, págs. 83-86, 216 DPR ___ (2025). Con respecto al apéndice, este deberá contener copia de las alegaciones de las partes ante la agencia; **la determinación recurrida**; y, toda moción, resolución u orden necesaria para establecer la jurisdicción de este Tribunal o que sea pertinente a la controversia. *Íd.*

Reiteramos lo apuntado por el Tribunal Supremo de Puerto Rico, a los efectos de que el mero hecho de que una parte comparezca por derecho propio, por sí solo, **no** puede justificar el incumplimiento con las reglas procesales. *Febles v. Romar,* 159 DPR, a la pág. 722.

II

Un examen del trámite del recurso que nos ocupa revela que el señor Acevedo Rodríguez no nos colocó en posición de auscultar nuestra jurisdicción o de ejercer nuestra función revisora. Esto, pues no demostró que recurriese de determinación administrativa final alguna sujeta a nuestra

facultad revisora. Tampoco cumplió con el plazo que le concedimos para suplir tal deficiencia.

Debemos apuntar que el escrito presentado por el recurrente tampoco cumple con los requisitos de forma y fondo establecidos en la Regla 59 de nuestro Reglamento. Por ejemplo, en el cuerpo del escrito no alude a disposición legal alguna, y tampoco formula y discute los errores cometidos por la agencia.

Es preciso recordar que, el hecho de que las partes litigantes comparezcan por derecho propio, por sí solo, no justifica que ellas incumplan con las reglas procesales. La omisión del señor Acevedo Rodríguez de cumplir con nuestro Reglamento y con nuestra *Resolución* del 5 de mayo de 2026 constituye un impedimento real y meritorio para la consideración del caso en sus méritos.

III

A la luz de lo antes expuesto, ordenamos la **desestimación** del recurso, conforme nos autoriza la Regla 83(C) de nuestro Reglamento.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones